CALVIN P. STIDHAM *v.* HARRY WACHTEL.

(*May* 28, 1941.)

RODNEY, J., sitting.

*George W. Lilly* for plaintiff.

*John J. Morris, Jr.*, and *David F. Anderson* for defendant.

Superior Court for New Castle County, No. 94, March Term, 1940.

This was an action of slander for the alleged speaking of certain words defamatory of the plaintiff. In one count the alleged words included the statement that the plaintiff was "a damned dirty embezzler." Two other counts were of similar import. The defendant by the general issue denied the slander and by a special plea averred the truth of the words complained of. The special plea was withdrawn and the case went to trial on the issue of facts as to the speaking of the words or their substance.

The Court charged the jury that the alleged words, if spoken without any privilege so to do, imputed conduct constituting a criminal offense and were actionable per se and that if the speaking of the words was shown, then damage was inferred. There was no evidence to show any special damage to the plaintiff.

The Court charged as to the burden and measure of proof and as to conflict of evidence, and also as to damages said substantially:

In such a case as this damages may be of several kinds:

1. Nominal damages.

2. Compensatory damages which may be either
(a) General
(b) Special

3. Exemplary or punitive damages.

(1) Nominal damages at least must be given

where the words spoken are actionable per se and the plaintiff prevails.

■ (2) (a) General compensatory damages may be given in addition to nominal damages where the words spoken are actionable per se and the plaintiff prevails, and this notwithstanding there is no evidence of actual damage. General compensatory damages are such as the law will presume to be the natural or probable consequence of the defendant's conduct and for the harm which normally results from such defamation.

■ (b) Special compensatory damages can be given only when alleged in the pleadings and proven by evidence. There being no such proof in the present case this precise question has here no application.

■ (3) Exemplary or punitive damages can be given only where claimed in the pleading and supported by the evidence of malice or other required facts. There being no such allegation in the present pleadings or proof this precise question also here has no application.

■ The jury was instructed that if the verdict should be for the plaitiff, viz.: that the defendant did in fact use the alleged words or their substance on one or more of the dates and at one or more of the places named, then the verdict must be for the plaintiff for at least nominal damages, notwithstanding that there had been no proof of actual damages. The jury was further instructed that in addition to nominal damages, and notwithstanding no evidence of actual damage, there could be awarded such general compensatory damages as would reasonably compensate the plaintiff for the harm which normally would result from such defamation and wrong done to his reputation, good name and fame, and for any mental suffering caused thereby.